United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARISA MELENDEZ,

          Plaintiff,

     v.

JAGUAR LAND ROVER NORTH AMERICA, LLC,

          Defendant.

Case No. 26-cv-01360-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: ECF 1

Defendant Jaguar Land Rover North America, LLC removed this case to this Court from Santa Clara County Superior Court on February 13, 2026.  ECF 1.  This Order requires Defendant to "show cause" by filing a written response by March 4, 2026, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  District courts have subject matter jurisdiction through federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Defendant alleges that this case involves diversity jurisdiction.  ECF 1 ¶ 33.

Defendant claims that there is diversity of citizenship because Defendant is a "resident of New Jersey and Delaware" and Plaintiff is a "resident of the State of California." ECF 1 ¶ 31. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency.

As to Defendant, because it is an LLC, citizenship is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ([A]n LLC is a citizen of every state of which its owners/members are citizens."). Thus, because Defendant's sole member was incorporated in England and Wales and its principal place of business is in the United Kingdom, Defendant is a citizen of the United Kingdom. ECF 1 ¶ 30.

As to Plaintiff, "[t]he natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Thus, because Defendant failed to allege where Plaintiff is domiciled, this Court cannot assess Plaintiff's citizenship.

The Court is not persuaded by Defendant's argument that simply pleading Plaintiff's residency is sufficient to establish her citizenship. ECF 1 ¶ 29 (citing *Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *1 (N.D. Cal. Aug. 11, 2016)). The Ninth Circuit has made it clear that "residency is not equivalent to citizenship." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). While a person's residence constitutes "*some* evidence of domicile," the Ninth Circuit has explicitly declined to rule on whether a person's residence can be treated as prima facie evidence of the person's domicile. *Adams v. W. Marine Prods.*, Inc., 958 F.3d 1216, 1222 (9th Cir. 2020); *Ehrman*, 92 F.3d at 1228. Instead, it directs courts to "consider the entire record to determine whether evidence of residence can properly establish citizenship." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citations omitted).

United States District Court
Northern District of California

Defendant has not alleged any other facts beyond Plaintiff's residency, and thus, the Court cannot determine Plaintiff's citizenship or diversity jurisdiction. *Compare Adams*, 958 F.3d at 1222 (finding that it could determine citizenship due to facts inferred from the class's last known mailing addresses and a sworn declaration going towards the class's citizenship), *with King v. Great Am. Chicken Corp., Inc.,* 903 F.3d 875, 879 (9th Cir. 2018) (finding that alleging the class's last known addresses was insufficient to determine domicile without more).

The Court finds that Defendant provided sufficient information to establish that the amount in controversy threshold is satisfied. ECF 1 ¶¶ 17–24.

In conclusion, Defendant has not established that federal subject matter jurisdiction is satisfied because it did not allege or provide sufficient facts to allege Plaintiff's state citizenship. Accordingly, Defendant must show cause in writing by March 4, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may respond by March 11, 2026.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

3